HARDING v. ROMAN CATHOLIC CHURCH OF ST. PETER.

(Supreme Court, Appellate Division, Second Department. June 22, 1906.)

TRIAL—DIRECTING VERDICT.

Where, in an action to recover for services rendered by plaintiff as an architect, plaintiff established his cause of action, and there were no issues upon which there was a conflict of evidence, a verdict for plaintiff was properly directed.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 390–395.]

Hooker, J., dissenting.

Appeal from Trial Term.

Action by George Edward Harding against the Roman Catholic Church of St. Peter. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Martin Conboy (Frank A. Clary, on the brief), for appellant.

Hector M. Hitchings, for respondent.

WOODWARD, J. The complaint alleges that the plaintiff and one William Tyson Gooch, who has assigned his claim to the plaintiff, performed work, labor, and services as architects for the defendant, a domestic religious corporation, in forming and drawing plans and making estimates for, and superintending the erection of, its church and chapel at New Brighton, Staten Island, and that such work, labor, and services were reasonably worth the sum of $7,876.39, of which $2,450 has been paid. The defendant demanded a bill of particulars, and this the plaintiff furnished, showing a contract entered into between the plaintiff's firm and the defendant, the latter acting through Father J. T. Early, whose acts were subsequently ratified by the board of trustees of the defendant, by which it was agreed that the plaintiff's firm should make a gift of $3,000 to the defendant's fund for the construction of the church, to be retained out of the fees which the plaintiff's firm should earn in drawing the plans and specifications and superintending the construction of the building; such fees to be the usual fees of architects in that locality. Upon the trial the plaintiff established his cause of action as limited and defined by the bill of particulars, and at the close of the entire case the plaintiff moved for the direction of a verdict. The court asked, "What is there to go to the jury on?" Defendant's counsel replied, "I think we ought to go to the jury on all the issues in this case, your honor." The court thereupon directed a verdict for the amount shown to be due the plaintiff, and the defendant excepted. After the court had granted a further motion for an extra allowance, the defendant's counsel said, "We ask for permission to go to the jury upon all the issues in the case raised by the pleadings," and, this being denied, defendant excepted.

Defendant's counsel appears to have been unable to point out, with all the matters fresh in his mind, any issue upon which there was a conflict of evidence, and, with all of the deliberation incident to the preparation of an elaborate brief, he has failed to call the attention of this court

99 N.Y.S.—60

to such an issue, and we are persuaded that the learned court at the Trial Term has properly disposed of this case. There can be no doubt that Father J. T. Early entered into a contract with the plaintiff's firm for the plans and specifications and for the superintendence of construction. It is equally clear that the plaintiff's firm furnished such plans and services, and that the church was constructed. It is undisputed that Father Early made all of the contracts under which the work was carried on, and that all of such contracts were ratified by the board of trustees, and there is no conflict in the evidence as to the amount expended in the construction of the church, or in the customary rate of compensation based upon the cost of construction. There was some effort made to show that the plaintiff had stated that the church could be constructed under his plans for $60,000 to $70,000, but the evidence shows that there were very material alterations made necessary, including the construction of a chapel, and the plaintiff testified, without contradiction, that the plans and specifications which he presented could have been carried out for the amount named, although it was not shown that these alleged representations were made to the board of trustees, or to any one who relied upon them.

A careful examination of all of the matters urged convinces us that the defendant has no valid defense to this claim of the plaintiff, that no issue was presented by the evidence upon the pleadings as they stood at the time of the trial, after the plaintiff had supplied his bill of particulars, and that the judgment should be affirmed.

The judgment and order appealed from should be affirmed, with costs.

All concur, except HOOKER, J., who dissents.

---

BANG v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

STREET RAILROADS—COLLISION WITH VEHICLES—EVIDENCE—SUFFICIENCY.

In an action against a street railroad company for damages caused by a collision between defendant's car and plaintiff's wagon as it was being driven along the car track, evidence *held* insufficient to support a verdict for plaintiff.

Woodward and Rich, JJ., dissenting.

Appeal from Municipal Court of New York.

